Geoffrey S. Kercsmar (#020528)
Gregory B. Collins (#023158)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001
(480) 421-1002 fax
gsk@kflawaz.com
gbc@kflawaz.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ME2 Productions, Inc., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>John and Jane Doe 1-27<br><br>Defendants. | Case No. 2:17-cv-00210-DGC<br><br>**MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**<br><br>(*Assigned to the Hon. David G. Campbell* ) |

Plaintiff ME2 Productions, Inc. requests leave to take limited discovery prior to the Rule 26(f) conference in order to ascertain the identities of the John and Jane Doe Defendants named in this action.[1] As explained fully below, good cause exists to allow this discovery here: (1) Plaintiff has established a prima facie case for copyright infringement; (2) the discovery sought is properly limited in scope; (3) other than serving subpoenas on the Doe Defendants' Internet Service Providers ("ISPs"), there is no means to obtain the required information; (4) Plaintiff has an interest in obtaining the requested

---

[1] On February 14, 2017 (Dkt #7) and March 9, 2017 (Dkt #10), Plaintiff filed a Motion to Consolidate this action with nine other complaints that assert infringement of the same copyright against other defendants that downloaded the infringing conduct via BitTorrent, just as the defendants are alleged to have done here. Plaintiff had intended to delay filing this motion until the Motion to Consolidate was ruled upon. With the Rule 4(m) service deadline approaching, Plaintiff has now elected to file this motion for leave to take discovery prior to the Rule 26(f) conference in each of the 10 pending cases.

information; and (5) Plaintiff will continue to suffer irreparable harm unless and until the Doe Defendant's continued copyright infringement is enjoined.[2]

## I.   INTRODUCTION

This action seeks to address the infringement of Plaintiff's copyright for the motion picture Mechanic: Resurrection. Mechanic: Resurrection is the sequel to the 2011 action hit, The Mechanic. In this sequel Arthur Bishop (Jason Statham) has the love of his life (Jessica Alba) kidnapped by a foe. In order to save Jessica Alba's character, Jason Statham's character is forced to travel the globe to complete three impossible assassinations and make them look like accidents. To date, the film has grossed over $90,000,000.00.

Illegally downloading mainstream movies to avoid purchasing a ticket, the DVD or a rental fee is so pervasive that the public widely accepts it without question. There are even websites devoted to illegal copying. One such website is The Pirate Bay where instructions on how to download the required pirating software, usually a torrent, may be obtained. The Pirate Bay even provides a convenient "Pirate Search" tab that enables copiers to "shop" for illegal copies of games, music, movies, books and software. This illegal copying, which clearly is an intentional act since it requires an infringer to install special software and search out movies to pirate, is the problem this lawsuit addresses.

Cloaked in the anonymity of the Internet, digital pirates banded together into swarms using file-sharing technology such as BitTorrent to illegally obtain and distribute high quality copies of Mechanic: Resurrection. While each single act of infringement may appear to be slight, collectively, illegal downloading often starts even before a movie is released and costs legitimate industries millions of dollars.

Thus, this suit not only represents a single copyright owner faced with the daunting task of protecting its intellectual property from the irreparable harm caused by over one-hundred-thousand swarming infringers, it is emblematic of the fight of the motion picture

---

[2] Although not binding on this Court, on June 10, 2016, in a similar case filed by plaintiff LHF Productions, Inc. to enforce its copyright interests in London Has Fallen, United States District Judge Susan R. Bolton granted Plaintiff's Motion to Take Discovery Prior to Rule 26(f) Conference. A copy of the Court's order is attached as Exhibit 1 for the Court's reference.

industry and any other legitimate businesses that rely on copyright protection. Plaintiff sued each Defendant as a "Doe" because Defendants committed infringement using on-line pseudonyms ("user names" or "network names"), not their true names. Plaintiff has only been able to identify the Doe Defendants by (1) their Internet Protocol ("IP") addresses, (2) the dates and times of the infringement, (3) the hash value which identifies each Defendant as cooperatively participating in the same swarm and (4) the location of each IP address.

Defendants' actual names may only be obtained from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents kept in the regular course of business. Accordingly, Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference on the non-party ISPs solely to determine the true identities of the Doe Defendants. Plaintiff requests that the Court allow Plaintiff to serve Rule 45 subpoenas on the ISPs immediately and that the ISPs shall comply with the subpoenas.

If the Court grants this Motion, Plaintiff will serve subpoenas on the ISPs requesting the identifying information. The ISPs will be able to notify their subscribers that this information is being sought, and, if so notified, each Defendant will have the opportunity to raise any objections before this Court. Thus, to the extent that any Defendant wishes to object, he or she will be able to do so.

## II.   ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Turner Industries Group, LLC vs. International Union of Operating Engineers*, *Local 450,* U.S. Dist. LEXIS 68746, at *7-*10 (S. D. Tex. 2013). In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a

Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3,* 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)); *Elektra Entm't Group, Inc. v. Doe,* No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (same); *Warner Bros. Records, Inc. v. Doe,* No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008) (same); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (same); *see also Arista Records LLC v. Does 1-19*, 551 F.Supp.2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery. Here, all of the good cause elements are present. Thus, this Court should grant the Motion.

### A.  Precedent Allowing Discovery to Identify Doe Defendants.

In copyright cases brought by motion picture studios and record companies against Doe defendants, courts routinely grant leave to take expedited discovery to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference. *TCYK, LLC v Does 1-9*, 13-cv-14322 (E.D. Mich. December 2, 2013)(Doc. 9); *Patrick Collins Inc. v John Does 1-21*, 282 F.R.D. 161, 2012 WL 1198040 (E.D. Mich. 2012); *Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2 (D.D.C. 2007) (allowing plaintiffs to serve a Rule 45 subpoena upon Georgetown University to obtain the true identity of each Doe defendant, including each defendant's true name, current and permanent addresses and telephone numbers, email address, and Media Access Control ("MAC") address) (citing Memorandum Opinion and Order, *UMG Recordings, Inc. v. Does 1-199,* No. 04-093(CKK) (D.D.C. March 10, 2004); Order, *UMG Recordings v. Does 1-4,* 64 Fed. R. Serv. 3d (Callaghan) 305 (N.D. Cal. March 6, 2006)).

4

The following factors are considered when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**B.     Good Cause Exists to Grant the Motion**

      **1.     Plaintiff's Prima Facie Claim for Copyright Infringement**

           *a.     Overview of Allegations and Factual Showings*

The Complaint alleges that the Doe Defendants, without authorization, used an online media distribution system to cooperatively download the copyrighted Mechanic: Resurrection and to cooperatively distribute it to other users on the P2P network, including by making the copyrighted Mechanic: Resurrection for which Plaintiff holds the exclusive reproduction and distribution rights. (Compl. ¶¶ 11-18.)

Maverickeye UG ("MEU"), a provider of online anti-piracy services for the movie industry, was engaged to monitor this infringing activity. (Declaration of Daniel Arheidt ("Arheidt Decl."), attached as Exhibit 2.) An IP address is a unique numerical identifier that is automatically assigned to an Internet user by the user's Internet Service Provider ("ISP"). In logs kept in the ordinary course of business, ISPs keep track of the IP addresses assigned to their subscribers. Once provided with an IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the name, address, email address, phone number and Media Access Control number of the user/subscriber. Only the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate that IP address to a particular subscriber. Publically available databases do not permit companies, like MEU, to identify a specific subscriber as such records are maintained by the individual ISPs. (Exhibit 2 ¶ 10.)

To identify the IP addresses of BitTorrent users who were copying and distributing Plaintiff's copyrighted Mechanic: Resurrection, MEU provides forensic investigation services to copyright owners. (*Id.* ¶ 2.) MEU monitors peer-to-peer/BitTorrent networks for acts of distribution of Plaintiff's motion picture through the use of proprietary MaverikMonitor™ software. (*Id.* ¶ 3.)

When the MaverikMonitor software finds an IP address distributing Plaintiff's motion picture (hereinafter "an infringing IP address"), a direct connection is made to that computer and a portion of the infringing file is downloaded. (*Id.* ¶ 4.) MaverikMonitor also records the exact time of the connection and other available information broadcast by the infringing IP address. (*Id.* ¶ 4.) This evidence is then saved on a secure server in indexed evidence logs. (*Id.* ¶ 5.)

To confirm the infringing activity, the data downloaded from each infringing IP address is matched to the complete file and a full copy of the motion picture being distributed is compared with a DVD of the original motion picture confirming the infringing IP address is in fact distributing Plaintiff's motion picture. (*Id.* ¶ 6.)

The MaverikMonitor software uses geolocation functionality to determine the location of each infringing IP address under investigation. (*Id.* ¶ 7.) The geolocation data for the infringing IP addresses in this lawsuit are set forth on Exhibit A to the Complaint. (*Id.* ¶ 7.) When an infringing IP address is found, the MaverikMonitor software reviews publicly available and searchable data to identify the Internet Service Provider ("ISP") responsible for each infringing IP address.

Working for MEU, declarant Daniel Arheidt reviewed the MaverikMonitor evidence logs relevant to the infringing IP addresses set forth on Exhibit A to the Complaint. (*Id.* ¶ 9.) Mr. Arheidt confirmed that the records of infringing activity set forth on Exhibit A to the Complaint, including IP addresses, times, and hash values, accurately reflect instances of actual observed distribution of Plaintiff's motion picture by the infringing IP addresses. (*Id.* ¶ 9.)

6

*b. Plaintiff's Showing Of Copyright Infringement*

Plaintiff has sufficiently identified the Doe Defendants through the unique IP address that each Doe Defendant was assigned at the time of the unauthorized distribution and copying of the copyrighted Mechanic: Resurrection. These Defendants gained access to the Internet through their respective ISPs by setting up an account with the various ISPs. The ISPs can identify each Defendant by name through the IP address by reviewing its subscriber activity logs. Thus, Plaintiff can show that all Defendants are "real persons" whose names are known to the ISP and who can be sued in federal court.

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff satisfied the first good cause factor by properly pleading a cause of action for copyright infringement. (Compl. at ¶¶ 11-18) *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) ("[P]laintiffs have established a prima facie claim for copyright infringement, as they have sufficiently alleged both ownership of a valid copyright and encroachment upon at least one of the exclusive rights afforded by the copyright."); *Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008) (same). Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

**2.     Plaintiff Seeks Limited And Specific Discovery**

Plaintiff only seeks to discover the name and address of the Defendants. This is all specific information that is in the possession of the Defendant's ISP that will enable Plaintiff to advance the action. Since the requested discovery is limited and specific, Plaintiff has satisfied the second good cause factor.
Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

### 3. No Alternative Means Exist to Obtain Defendant's True Identities

Other than receiving the information from the Defendants' ISP, there is no way to obtain Defendants' true identity because the ISP is the only party who possesses records which track IP address assignment to their subscribers. Consequently, the ISP is the source for information relating to associating an IP address to a real person. Since there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISPs demanding it, Plaintiff has established the third good cause factor. *See Columbia Ins. Co. v. Seescandy et al.*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (finding that the feasibility of a suggested alternative method of determining defendants' identities by hiring a private investigator to observe downloading "is questionable at best"); *Warner Bros. Records, Inc. v. Doe*, No. 5:08- CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008) (same).

### 4. Discovery Is Needed to Advance the Asserted Claims

Plaintiff will not be able to serve the Defendants with process and proceed with this case without the requested discovery. Plaintiff's statutorily protected property rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights. Since identifying the Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor. *Sony*, 326 F.Supp. at 566; *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "[p]laintiffs have shown that the subpoenaed information—Doe # 4's identity—is centrally needed to advance Plaintiffs' copyright infringement claim").

### 5. Plaintiff's Interest in Knowing Defendant's True Identities Outweighs Defendant's Interests in Remaining Anonymous

Plaintiff has a strong legitimate interest in protecting its copyright. Defendants are copyright infringers with no legitimate expectation of privacy in the subscriber information provided to the ISP, much less in distributing the copyrighted work in

question without permission. *See Guest v. Leis,* 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "[p]laintiffs have shown that Defendant Doe # 4 has a minimal expectation of privacy downloading and distributing copyrighted songs without permission"); *Interscope Records v. Does* 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Sony,* 326 F.Supp.2d at 566 ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. Apr. 28, 2008) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480, 481 (E.D.N.C. 2008); *U.S. v. Hambrick*, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

Downloading a mainstream motion picture is no different than downloading a song. Being named as a defendant in this action does not expose an individual to embarrassment. It is not blackmail. In fact, copying music and mainstream movies is so pervasive that the public widely accepts it without question. And, this is the exact problem this lawsuit addresses. That copying a mainstream movie is no different than downloading a song, it raises no privacy concerns.

### C. <u>Irreparable Harm Establishes Good Cause to Grant the Motion</u>

Good cause exists here for the additional reason that a claim for copyright

infringement presumes irreparable harm to the copyright owner. This is especially true in this matter since the copying results in financial losses such as lost ticket sales and eroding rentals and purchases. *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference); Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 14.06[A], at 14-03 (2003); *Elvis Presley Enter., Inc. v. Passport Video*, 349 F.3d 622, 631 (9th Cir. 2003).

The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyright is to identify the Doe Defendants who are copying and distributing Mechanic: Resurrection. This lawsuit cannot proceed without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool*, 208 F.R.D. at 277.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the pending Motion for Leave to Take Discovery Prior to the Rule 26 Conference. Plaintiff requests permission to serve a Rule 45 subpoena on the ISPs it has identified as of this date, and those it identifies in the future, so that the ISPs can divulge the true name and address of each Doe Defendant that Plaintiff has identified to date, and those it identifies in the future during the course of this litigation and an order that the ISPs shall comply with the subpoenas. Plaintiff will only use this information to prosecute its claims. Without this information, Plaintiff cannot pursue its lawsuit to protect Mechanic: Resurrection from past and ongoing repeated infringement.

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

RESPECTFULLY SUBMITTED this 17th of March, 2017.

                                                                                                               KERCSMAR & FELTUS PLLC

By  *s/Gregory Collins*
      Geoffrey S. Kercsmar
      Gregory B. Collins
      7150 East Camelback Road, Suite 285
      Scottsdale, Arizona 85251
      *Attorneys for Plaintiff*