1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ME2 Productions Incorporated | No. CV-17-00210-PHX-GMS (**LEAD CASE**) |
| | **Consolidated with:** No. CV-17-00216-PHX-GMS No. CV-17-00217-PHX-GMS No. CV-17-00218-PHX-GMS No. CV-17-00222-PHX-GMS No. CV-17-00581-PHX-GMS No. CV-17-00587-PHX-GMS No. CV-17-00615-PHX-GMS No. CV-17-00622-PHX-GMS No. CV-17-00623-PHX-GMS |
| | **ORDER** |

Pending before the Court is Plaintiff ME2 Productions, Inc.'s Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (Doc. 11.) The Court grants the Motion for the reasons and in the manner described below.

## BACKGROUND[1]

Plaintiff owns the copyright to a movie, Mechanic Resurrection. (Doc. 1-1, Ex. B.) Plaintiff enlisted the assistance of a third-party firm, Maverickeye UG ("MEU"), to monitor copyright infringement of its movie on a peer-to-peer file sharing network called BitTorrent. An unauthorized copy of Mechanic Resurrection (the "Video") was made

---

[1] The Court takes as true the allegations contained in Plaintiff's Complaint at this stage of the litigation. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

available by a user on BitTorrent. MEU obtained the internet protocol ("IP") addresses of and the time and date when several BitTorrent users participated in a group (known as a "swarm") that shared the Video and enabled others to download it. MEU was able to gather data on infringing users by tracking the activity on a particular "hash" value, a unique number linked to the Video. The Doe Defendants named in the consolidated Complaints refer to those users that participated in the swarm or swarms copying the movie.  (Doc. 1-1, Ex. A.) After collecting the user data, Plaintiff brought this action. Plaintiff brings two claims against Defendants, including claims for: (1) copyright infringement; and (2) contributory infringement.

MEU obtained the IP addresses and determined the regional location of the BitTorrent users in the swarm at the time of infringement as various cities in Arizona. (Doc. 1-1, Ex. A.) IP addresses, by themselves, do not reveal identifying information of the users unless they are corroborated with subscribers lists maintained by internet service providers ("ISPs") that provide service to those users. Because Plaintiff thus far has only the IP addresses, it moves for leave to take expedited discovery prior to the Rule 26(f) conference so that it may discover the identities of the Doe Defendants. (Doc. 11.) Plaintiff requests this Court to issue subpoenas to the ISPs requiring them to identify the subscribers associated with the IP addresses. (*Id.*)

**DISCUSSION**

## I.    JOINDER

Fed. R. Civ. P. 20(a)(2) states that defendants may be joined in one action as defendants if: "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action."

Plaintiff alleges that each Defendant participated in a joint enterprise to infringe Plaintiff's copyright by participating in the same BitTorrent swarm or swarms, identified by unique hash values, by which each Defendant both downloaded and enabled the

distribution of the Video. These allegations are sufficient to determine, at this stage, that the Defendants are properly joined as they are implicated in this "chain" conspiracy to infringe on Plaintiff's Video.

The issue of damages, however, raises serious questions about the appropriateness of permissive joinder. In the various Complaints, Plaintiff indicates that it may seek separate damage awards against each Defendant individually. Nevertheless, Plaintiff may not pursue actual damages against some Defendants and statutory damages against other Defendants while maintaining all Defendants as parties to the same suit. 17 U.S.C. § 504's provision allowing the copyright owner to choose between actual and statutory damages applies the owner's choice to "all infringements involved in the action." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997) *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (holding that when statutory damages are assessed against a group of defendants held to be jointly and severally liable, "each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work"). If Plaintiff does not wish to proceed on a theory of joint and several liability, then the rationale for allowing permissive joinder in this case is seriously undermined.

At the hearing on April 7, 2017 counsel represented to this Court that, while Plaintiff reserved the right to make an election between actual or statutory damages as against the Defendants at a later date, when it did so, it recognized the requirement that it seek the same remedy against all Defendants in this action.

Finally, joinder of numerous defendants in a single case may cause them prejudice. Court proceedings would be hampered as each defendant would have the opportunity to be present with his or her attorney. Though defendants may have nothing in common other than their participation in a single BitTorrent swarm, they would be required to serve every other defendant with all pleadings. In addition, each defendant would have the right to be present at all other defendants' depositions. *Hard Drive Prod.*, 809 F. Supp. 2d at 1164. The combination of these hardships could make conducting

litigation difficult for individual defendants. An assessment as to whether severance is advisable will occur at the Case Management Conference.

Nevertheless, because Plaintiff has alleged that Defendants participated in a single BitTorrent swarm to infringe on the Video, the Court defers the ruling on the joinder issue to a later date.

## II.     RELEVANCE OF REQUESTED DISCOVERY

Plaintiff alleges that Defendants participated in a BitTorrent "swarm" that infringed on Plaintiff's Video. Due to the nature of the BitTorrent technology, a number of users participating in the swarm had the ability to copy the Video while at the same time facilitating the copying of the Video by others in the swarm, who then obtained their own complete but infringing copy of the copyrighted work. Plaintiff asserts claims against Defendants of copyright infringement and contributory infringement.

Plaintiff has the IP addresses of the computers that it alleges were part of the swarm in which Defendants participated. It does not, however, have the identity of the persons using the IP addresses participating in the swarm. It seeks to have this Court issue subpoenas to ISPs to identify the subscriber associated with each IP address, to assist in ascertaining, if possible, the user of the IP address during the swarm.  Plaintiff contends that the personally identifying information is necessary to: (1) establish Defendants' liability for contributory infringement and civil conspiracy; and (2) to ascertain the extent of the damages caused by the infringement to which Defendants contributed and the conspiracy in which they participated.

To the extent that Defendants' alleged participation in the BitTorrent swarm may have resulted in the distribution of the Video, Plaintiff, at least at this stage of the litigation, is reasonably seeking the discovery. Under Arizona law, by sufficiently alleging Defendants' participation in the swarms, Plaintiff establishes its right to recover from the damages that resulted from the overt acts in which the joint actors engaged, whether or not Defendants were aware of the total scope of other persons participating in the joint acts.

The Court therefore finds that some of the personally identifying formation possessed by the ISPs concerning the subscribers associated with the IP addresses that participated in the BitTorrent swarm is discoverable. However, there must be good cause to authorize the expedited discovery of relevant information.

## III.   GOOD CAUSE FOR EXPEDITED DISCOVERY

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A court may authorize expedited discovery to proceed before service to defendants if it finds that there is good cause to do so. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Some limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted to ensure that "the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Court will consider whether Plaintiff: (1) can identify the missing party with sufficient specificity that the Court can determine that Defendants are real persons or entities that could be sued in federal court; (2) has identified all previous steps taken to locate the elusive defendant; (3) can establish that its suit against Defendants could withstand a motion to dismiss; and (4) has shown that there is a reasonable likelihood that expedited discovery will lead to identifying information about Defendants that would make service of process possible. *Id.* at 578–80.

### A.   Identification of Missing Parties

This requirement to identify the missing parties with specificity is necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied. *Id.* at 578. On behalf of Plaintiff, MEU gathered IP addresses associated with users who

allegedly employed BitTorrent to share, copy, reproduce, and/or distribute the Video. MEU was able to identify a swarm of users because they all connected to a seed of the Video, which has a unique hash value. Attached to the Complaint is a list containing the unique IP addresses of the users and names of the ISPs that provided service to users at the time of the alleged infringement. Plaintiff has provided also the date and time of the infringement, which is important because IP addresses may rotate or vary as to one subscriber across time. This information will enable the ISPs to provide the names and addresses of the individuals or entities that potentially infringed upon the Video by referring to subscriber activity logs that ISPs maintain in the ordinary course of business. Plaintiff has thus sufficiently identified the Doe Defendants in a way that the Court can determine that they are real persons or entities that could be sued in federal court.

### B.     Steps Taken to Locate Defendants

Plaintiff alleges that it has obtained each Doe Defendant's IP address, the date of time of infringing activities, has traced the IP addresses to their associated ISPs and to Arizona, and has made copies of the Video that each Defendant allegedly distributed through the BitTorrent network. BitTorrent does not allow Plaintiff to access each Doe Defendant's computer to obtain identifying information. The Court finds that Plaintiff has taken all possible steps to identify and locate Defendants and that without expedited discovery as to the information maintained by the ISPs, Plaintiff would not be able to serve Defendants. This factor is satisfied.

### C.     Prima Facie Case

This requirement that the Court find the Complaint would withstand a motion to dismiss is "to prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *seescandy.com*, 185 F.R.D. at 579–80. Because Plaintiff claims copyright infringement, it must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)).

Plaintiff has alleged that it is the lawful owner of the copyright in the Video. (Doc. 1 ¶ 2.) Plaintiff has further alleged that each Defendant used the BitTorrent network to violate Plaintiff's copyright by sharing, downloading, and distributing the Video without Plaintiff's authorization. (Doc. 1 ¶ 3.) Plaintiff asserts that it identified the infringement by tracing the listed IP addresses to the unique hash value associated with the illicit copy or seed of the Video. Plaintiff has made a prima facie for copyright infringement. Thus, the Complaint would withstand a motion to dismiss. For the reasons further stated above, the Court finds that Plaintiff has stated a prima facie claim for the existence of a conspiracy under Arizona law.

**D.    Reasonable Likelihood of Identification**

This factor examines whether Plaintiff has demonstrated that expedited discovery will lead to identifying information about Defendants to allow service of process. Plaintiff contends that providing the listed IP addresses to the corresponding ISPs will enable the ISPs to provide Plaintiff with the name, address, e-mail address, and phone number. ISPs maintain such information relating to each IP address for a short period of time. Plaintiff intends to use that information to formally name on the Complaint and place on notice of this suit each Defendant. Plaintiff has made a sufficient showing to satisfy this factor.

It is not clear to this Court how Plaintiff can discover this information without, as a first step, identifying the subscriber to the IP address and making appropriate inquiries, and it appears to this Court that, at least in these cases, the Complaint has stated sufficient facts to believe that it is at least "plausible" that the subscriber to the IP address participated in the downloading. To deny Plaintiff discovery at this early point prevents it from obtaining the discovery to which it is otherwise entitled to attempt to make its conspiracy case which it has fairly pleaded under Arizona law. It would further result in the potential blanket exoneration of others who may have infringed on Plaintiff's copyright.

/ / /

**CONCLUSION**

The Court finds that expedited discovery is warranted in this case as to the listed IP addresses identified by Plaintiff in Exihibit A in each of its consolidated Complaints during its investigation of copyright infringement of its Video on the BitTorrent system. Such discovery will assist Plaintiff in obtaining the identifying information it seeks, to serve and name the Doe Defendants. However, in consideration of potential "prejudice to the responding party" from authorizing such discovery, *Semitool*, 208 F.R.D. at 276, certain protections for Defendants are necessary. It is possible that Defendants may have jurisdictional and joinder defenses, and that this discovery may lead to Plaintiff obtaining information about innocent users. There is an additional concern that Plaintiff may use the identifying information to contact Defendants in an attempt to obtain early settlement before Defendants are fully aware of the nature of this suit and their rights.

With these considerations in mind,

**IT IS THEREFORE ORDERED** granting the Motion (Doc. 11) as follows:

1.      Any information disclosed to Plaintiff in response to the subpoena as described below may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights in this case. Plaintiffs may not release any identifying information to third parties or publicize it without an Order allowing such release.

2.      To the extent Plaintiff files new actions pertaining to the same swarms or other actions have been filed in other jurisdictions regarding these same swarms, Plaintiff is ordered to notify that court of the existence of these actions, and must file an affidavit with this Court attesting to the same, so that duplicative processes or inconsistent damages do not occur.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that expedited discovery will proceed as follows:

1.      Plaintiff may immediately serve subpoenas, pursuant to Fed. R. Civ. P. 45, on the requested ISPs to identify the subscribers of computers participating in the swarm as listed on Exhibit A, including their names, current addresses, telephone numbers, e-mail addresses, and Media Access Control addresses.

Dated this 7th day of April, 2017.

Honorable G. Murray Snow
United States District Judge